Jesse S. Weinstein, Esq.
NJ Attorney ID # 388422021
Jesse S. Weinstein, Esq.
Arcé Law Group, PC
45 Broadway, Suite 430B
New York, NY 10006
j.weinstein@arcelawgroup.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------X
ANGELA ADAMS,                                       Case No.:

        Plaintiff,

   -against-                                           **COMPLAINT**

HOME DEPOT, INC.,                                   Plaintiff Demands a
                                                                                   Trial by Jury

        Defendant.
-----------------------------------------------------------X

Plaintiff, Angela Adams, by and through her attorneys, ARCÉ LAW GROUP, PC, hereby complains of Defendant HOME DEPOT, INC., upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to 42 U.S.C. § 2000e *et seq.* ("Title VII"), seeking damages to redress the injuries she has suffered as a result of her employers' discrimination on the basis of her gender, sexual harassment, together with retaliation, creating a hostile work environment, and wrongful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

3. This action involves a Question of Federal Law.

1

4. Venue is proper in this district based upon the fact that a substantial part of the events and omissions giving rise to the claim occurred within the District of New Jersey. 28 U.S.C. §1391(b).

5. On or about September 17, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about May 3, 2023, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

This action is being brought within ninety (90) day statutory time period.

## PARTIES

7. Plaintiff is a female resident of the State of New Jersey, County of Essex.

8. At all times material, Defendant HOME DEPOT, INC. (hereinafter also referred to as "HOME DEPOT") was and is a foreign corporation, duly existing under the laws of the Commonwealth of Delaware.

9. At all times material, Defendant HOME DEPOT was and is authorized to conduct business in the State of New Jersey and does conduct business in the State of New Jersey.

10. At all times material, Defendant HOME DEPOT owned and operated of a chain of hardware stores throughout North America and was and is headquartered at 2455 Paces Ferry Road NW, Atlanta, GA, 30339.

11. At all times material, Plaintiff was an employee of Defendant HOME DEPOT.

## MATERIAL FACTS

12. On or about October 5, 2020, Plaintiff began working for Defendant HOME DEPOT as a Sales Associate with an hourly pay rate of $15.00 at its Newark, NJ location, 399-443 Springfield Ave, Newark, NJ 07103.

13. In that role, Plaintifareas and customer service, maintained stocking responsibility within specifically assigned areas, and ensured employee and customer compliance with safety procedures.

14. However, within days of commencing her employment, "Associate Support Department Supervisor," Rickey Kelly, began to sexually harass Plaintiff.

15. For example, Mr. Kelly began assigning Plaintiff to work in his own office space doing administrative work, as opposed to the above-described customer service responsibilities. During these shifts, Mr. Kelly constantly asked Plaintiff about whether she was dating anyone and what her "type" was. Moreover, Mr. Kelley routinely followed Plaintiff whenever she would leave the office space to use the restroom or take meal breaks.

16. Plaintiff perceived Mr. Kelly's behavior as sexually harassing.

17. In between inappropriately interrogating Plaintiff about her personal love life and stalking her at the store, Mr. Kelly continually subjected Plaintiff to sexually-charged comments. For instance, Mr. Kelly once told Plaintiff, "**I like your name (Angela). It is my wife's name and it makes me think of the movie 'Boomerang' where the character, 'Angela,' had sex**."

18. Feeling uncomfortable, in or around the end of October 2020, Plaintiff asked Mr. Kelley's supervisor, Marcus (last name currently unknown), to reassign her to another location. Specifically, Plaintiff complained about Mr. Kelly's inappropriate inquiries into her dating life and the way he would constantly follow her around the store. Accordingly, Marcus reassigned Plaintiff to work as a cashier at the front of the store.

19. However, this adjustment was insufficient to prevent Plaintiff from having to regularly encounter Mr. Kelly.

20. For example, Plaintiff was never issued a locker in which to place her personal belongings during her shifts, which was atypical, given that most other employees had one. During the same conversation that Plaintiff complained about Mr. Kelly, she also asked Marcus where she should store her belongings, given that she previously used Mr. Kelly's office up to that point.

21. Despite Plaintiff's complaint, Marcus instructed Plaintiff to continue keeping her belongings *in Mr. Kelly's office*. Plaintiff reluctantly complied to avoid "rocking the boat."

22. Mr. Kelly continued to sexually harass Plaintiff.

23. For example, on several occasions, as Plaintiff placed her coat in Mr. Kelly's office, Mr. Kelly walked past her and **intentionally brushed Plaintiff's buttocks with his hand**. Each time, Plaintiff abruptly left the office.

24. Meanwhile, Plaintiff began to endure sexual harassment from another coworker, Asia (last name currently unknown), while working as a cashier.

25. For example, on or about November 8, 2020, Asia repeatedly asked Plaintiff to engage in three-way sexual intercourse with Asia and her boyfriend. Plaintiff rejected Asia's sexual advance.

26. Because Mr. Kelly was still Plaintiff's direct supervisor, and Defendant HOME DEPOT's harassment policy required employees to use a proper chain of command when complaining of harassment, Plaintiff was forced to complain to Mr. Kelly about Asia's sexual proposition, despite Mr. Kelly himself having sexually harassed Plaintiff. Specifically, Plaintiff informed Mr. Kelly about Asia's remark and requested another reassignment. Mr. Kelly dismissively told her, "I will talk to Marcus."

27. Plaintiff suspected that Mr. Kelly was annoyed with her complaint and that he began to view her as a "troublemaker" or "complainer."

28. Unsurprisingly, Plaintiff's suspicion was correct because Mr. Kelly then immediately began to retaliate against her for complaining about the various instances of sexual harassment.

29. For example, **the week after Plaintiff complained**, Mr. Kelly began reducing her hours from four or five shifts per week to only one or two shifts per week.

30. Plaintiff immediately complained to Marcus that she believed the reduction in her hours was retaliatory.  Marcus reassured Plaintiff that he would address the situation.

31. Then, on or about November 30, 2020, Marcus informed Plaintiff that she was being promoted to the "electric aisle," which came with a raise of $2 per hour.  Marcus then introduced Plaintiff to her prospective supervisor, Mel (last name currently unknown).  Though her hours remained reduced, for a brief period, Plaintiff experienced a brief respite from Mr. Kelly's harassing and retaliatory behavior.

32. However, just two weeks later, on or about December 15, 2020, in further retaliation, Mr. Kelly again tried to reassign Plaintiff to the front of the store.  When Plaintiff told Mr. Kelly that she was just promoted by Marcus, he told flatly told her "that never happened."

33. In reality, though Mr. Kelly was below Marcus within the store's hierarchical structure, he continually sought to use *his* authority over Plaintiff to punish her for complaining about harassment and retaliation.

34. Accordingly, on that same date, Plaintiff complained to Mel about Mr. Kelly's unwanted touching, his past retaliatory scheduling practices, and his most recent insistence that Plaintiff was never promoted.  Mel replied, "I see what is going on, it is sexual harassment.  Just keep documenting the situation as it occurs."

35. Two hours later, Plaintiff spoke with Emalah (last name currently unknown), another supervisor at the location and the store's Human Resources liaison.  In that conversation, Plaintiff reiterated

her previous complaints of Mr. Kelly's sexually harassing behavior and acts of retaliation, and asked Emalah to intervene on her behalf.

36. Later that day, in order to emphasize her most recent complaint, Plaintiff text messaged Emalah, "Please try to convince [Mr. Kelly] I am not into him." Emalah replied that she would speak with Mr. Kelly.

37. The next week, Plaintiff continued to remain assigned to the electric aisle. However, her schedule again remained diminished to one or two shifts per week, in accordance with Mr. Kelly's retaliatory scheduling practices.

38. Then, on or about February 5, 2021, Marcus terminated Plaintiff, without explanation.

39. Defendant HOME DEPOT discriminated against Plaintiff on the basis of her sex/gender.

40. Defendant HOME DEPOT retaliated against Plaintiff for complaining about discrimination and retaliation.

41. As a result of Defendant HOME DEPOT's actions, Plaintiff felt humiliated, degraded, victimized, embarrassed, and emotionally distressed.

42. As a result of the Defendant HOME DEPOT's retaliatory treatment of Plaintiff, she suffered severe emotional distress and physical ailments.

43. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

44. As Defendant HOME DEPOT's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendant HOME DEPOT.

## AS A FIRST CAUSE OF ACTION
## UNDER TITLE VII
## **DISCRIMINATION**

45. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this complaint.

46. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964; 42 U.S.C. §2000e *et seq*., as amended, for relief based upon the unlawful employment practices of the above-named Defendant. Plaintiff complains of Defendant HOME DEPOT's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender, together with sexual harassment, and creating a hostile work environment.

47. Defendant HOME DEPOT engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq*. by discriminating against Plaintiff because of her race.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## **RETALIATION**

48. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

50. Defendant HOME DEPOT engaged in an unlawful employment practice prohibited

7

by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant HOME DEPOT:

A. Declaring that Defendant HOME DEPOT engaged in unlawful employment practices prohibited by TITLE VII on the basis of Plaintiff's sex/gender, together with creating a hostile work environment, retaliation, and wrongful termination.

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendant HOME DEPOT's unlawful retaliation and discrimination;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation in an amount in excess of the jurisdiction of all lower courts;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant HOME DEPOT's unlawful employment practices.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendant HOME DEPOT in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: July 31, 2023
      New York, NY

                              Arcé Law Group, PC
                              *Attorneys for Plaintiff*

By: _____
      Jesse Weinstein, Esq.
      45 Broadway, Suite 430B
      New York, NY 10006
      (212) 248-0120